```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       BLUEFIELD
```

**CLINTON CHRISTIAN,**

    **Plaintiff,**

v.                                              CIVIL ACTION NO.  1:20-00051


**ANDREW SAUL,**
**Commissioner of Social Security,**

    **Defendant.**


<u>**MEMORANDUM OPINION**</u>

<u>I.  Background</u>

By Standing Order, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Tinsley submitted to the court his Proposed Findings and Recommendation ("PF&R") on November 17, 2020, in which he recommended that the court deny plaintiff's request to reverse the Commissioner's decision, grant defendant's request to affirm the Commissioner's decision, affirm the final decision of the Commissioner, and dismiss this matter from the active docket of the court.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days plus three mailing days in which to file any objections to Magistrate Judge Tinsley's Proposed Findings and Recommendation.  Plaintiff timely filed

objections to the magistrate judge's Proposed Findings and Recommendation.  <u>See</u> ECF No. 11.  On December 8, 2020, defendant filed a response to those objections.  <u>See</u> ECF No. 12.  And, although not permitted by the local rules, plaintiff filed a reply.  <u>See</u> ECF No. 13.

<u>II.  Standard of Review</u>

Under § 636(b)(1), a district court is required to conduct a de novo review of those portions of the magistrate judge's report to which a specific objection has been made.  The court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982); <u>see also</u> Fed. R. Civ. P. 72(b) ("The district court to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.").

The court notes that judicial review in social security cases is quite limited. It is not the province of a federal court to make administrative disability decisions.  Rather, de novo review in disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusions. <u>See</u> <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990).

Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial.  Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996).  Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance.  Perales, 402 U.S. at 401.  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019).  If the Commissioner's decision is supported by substantial evidence, it must be affirmed.  42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

The court has reviewed the record to determine whether the ALJ's decision is supported by substantial evidence, which is defined as something "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

### III.  Objections and Analysis

Clinton Christian filed his application for disability benefits on December 22, 2016, alleging disability beginning on December 15, 2016, due to obsessive compulsive disorder, depression and anxiety, chronic obstructive pulmonary disease,

"Vascular Necrosins [sic] in ankle," a shoulder injury, migraines, "Acid Reflux," "Fluid Retina," irritable bowel syndrome, and bipolar disorder."  Administrative Record ("AR") at 221 and 229.  By decision dated February 15, 2019, an unfavorable decision was issued.  AR at 15-27.  The instant complaint followed.

The plaintiff makes the following objections to the PF&R: (a) the magistrate judge erred in concluding that the ALJ's written decision adequately reflects why he did not rely on the VE's testimony in response to plaintiff's counsel's question about absenteeism; (b) the magistrate judge erred in finding that the ALJ's evaluation of the opinions of plaintiff's treating physicians was supported by substantial evidence; and (c) the magistrate judge erred in finding the ALJ did not err in his evaluation of plaintiff's subjective complaints.

The PF&R is thorough and comprehensive and accurately details the medical evidence and the procedural history and the court need not repeat it here.  However, after the PF&R was filed and the time for filing objections had passed, the United States Court of Appeals for the Fourth Circuit decided two cases that bear directly on the issues presented in this case and especially plaintiff's objections regarding the ALJ's evaluation of his treating sources.

4

The treating physician rule is gradually disappearing.  It has not applied to new claims in nearly four years.  See 20 C.F.R. § 404.1520c.  For claims filed on or after March 27, 2017, the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [claimants'] medical sources."  Id.  But to those claims to which the treating physician rule still applies, it is a "robust" force to be reckoned with.  See Arakas v. Comm'r of SSA, 983 F.3d 83, 107 (4th Cir. 2020).  And it applies to this claim because plaintiff filed it on December 22, 2016, before the March 27, 2017 cutoff.

In Arakas, the court confirmed that a treating source's "opinion _must_ be given controlling weight _unless_ it is based on medically unacceptable clinical or laboratory techniques or is _contradicted_ by the other substantial evidence in the record."  Id. (emphasis in original).  The court found that the ALJ in that case erred in not assigning controlling weight to a treating physician's opinion where that opinion "was well-supported by [ ] clinical and laboratory diagnostic techniques" and "was not contradicted by other substantial evidence in the record."  Id. (internal citation and quotation omitted).  The Arakas court also noted that "after (erroneously) determining that controlling weight was not appropriate for [the treating physician]'s

5

opinion, the ALJ failed to apply the factors listed in 20 C.F.R. § 404.1527(c) to decide how much weight it _should_ be accorded." Id. (emphasis in original). The court made clear that "20 C.F.R. § 404.1527(c) requires ALJs to consider _all_ of the enumerated factors in deciding what weight to give a medical opinion." Id. at 107 n.16 (emphasis in original).

Citing Arakas, the Fourth Circuit recently reaffirmed what the treating physician rule requires:

> Section 404.1527(c)(2) sets out two rules an ALJ must follow when evaluating a medical opinion from a treating physician. First, it establishes the "treating physician rule," under which the medical opinion of a treating physician is entitled to "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2); see also, e.g., Arakas v. Comm'r of SSA, 983 F.3d 83, 106–07 (4th Cir. 2020) (citing Section 404.1527(c)(2) and applying the treating physician rule); Brown v. Comm'r of SSA, 873 F.3d 251, 255–56 (4th Cir. 2017) (same). Second, if a medical opinion is not entitled to controlling weight under the treating physician rule, an ALJ must consider each of the following factors to determine the weight the opinion should be afforded: (1) the "[l]ength of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of the treatment relationship"; (3) "[s]upportability," i.e., the extent to which the treating physician "presents relevant evidence to support [the] medical opinion"; (4) "[c]onsistency," i.e., the extent to which the opinion is consistent with the evidence in the record; (5) the extent to which the treating physician is a specialist opining as to "issues related to his or her area of specialty"; and (6) any other factors raised by the parties "which tend to support or contradict the medical opinion." 20 C.F.R. § 404.1527(c)(2)(i)–(6).

6

Dowling v. Comm'r of SSA, 986 F.3d 377, 384-85 (4th Cir. 2021). The court in Dowling found that substantial evidence supported the ALJ's decision to not give controlling weight to the treating decision in that case because "a reasonable mind could conclude that the opinion conflicts with other evidence in the record." Id. at 385. However, the court found that the "ALJ's failure to consider each of the Section 404.1527(c) factors was error." Id. According to the court:

> The ALJ explained that he afforded only negligible weight to Dr. Gross's medical opinion because he found the opinion to be inconsistent with other evidence in the record, and the basis for the opinion was "not adequately explained" by Dr. Gross. J.A. 16. This explanation by the ALJ touches on two of the Section 404.1527(c) factors -- consistency and supportability. However, there is no indication that the ALJ actually undertook the required analysis of Dr. Gross's opinion. Indeed, the ALJ never so much as acknowledged the existence of the Section 404.1527(c) factors. Moreover, the ALJ was completely silent as to the remaining four Section 404.1527(c) factors; for instance, the ALJ considered neither the "[l]ength of the treatment relationship and the frequency of examination," nor the "[n]ature and extent of the treatment relationship." 20 C.F.R. § 404.1527(c)(2)(i)-(ii).
>
> The ALJ's failure to consider each of the Section 404.1527(c) factors was error. While an ALJ is not required to set forth a detailed factor-by-factor analysis in order to discount a medical opinion from a treating physician, it must nonetheless be apparent from the ALJ's decision that he meaningfully considered each of the factors before deciding how much weight to give the opinion. See Arakas, 983 F.3d at 107 n.16 ("20 C.F.R. § 404.1527(c) requires ALJs to consider all of the enumerated factors in deciding what weight to give a medical opinion." (emphasis in original)); Newton v. Apfel, 209 F.3d 448, 456 (5th Cir. 2000) (agreeing with the "[s]everal federal courts [that]

>have concluded that an ALJ is required to consider each
of the § 404.1527[c] factors" when weighing the medical
opinion of a treating physician).  In this case, it is
far from apparent that the ALJ considered -- or was
even aware of -- each of the Section 404.1527(c)
factors.  In addition to ignoring a majority of the
specific factors, the ALJ's decision was bereft of any
reference to the factors as a whole.  The ALJ simply
declared that he possessed "the discretion to give less
[than controlling] weight" to the opinion of the
treating physician.  J.A. 15.  The ALJ never so much as
hinted that his discretion was checked by the factors
enumerated in Section 404.1527(c), which it is.  In
failing to acknowledge and apply each of these six
factors, the ALJ erred.

Id. at 385-86.

In this case, the ALJ gave "little weight" to the opinions of plaintiff's treating sources: Dr. Anthony L. Dragovich, Staci Craft PA-C and Dr. Alina Vrinceanu-Hamm.  Of Dr. Dragovich, the ALJ explained:

> Dr. Dragovich, the claimant's pain management
specialist opined that the claimant is limited to less
than sedentary level work and will be absent from work
three times per month (Exhibit 8F).  I afford little
weight to these opinions because they are unsupported
by Dr. Dragovich's own treatment notes, which indicate
that the claimant reported his pain level as 5/10; the
claimant reported being able to perform cooking,
cleaning, and maintaining personal hygiene.  The
evidence also shows the claimant lost 20 pounds by diet
and exercise by walking, and he spent time walking
while on vacation (Exhibit 21F).  I find Dr.
Dragovich's opinion extreme and it is inconsistent with
the claimant's activities of daily living, the physical
examination conducted by the consultative examiner
(Exhibit 4F), and treatment history which shows no
other orthopedic treatment besides pain management.

AR at 25.

Of his decision to afford the opinions of Staci Craft PA-C and Dr. Alina Vrinceanu-Hamm little weight, he stated:

> I have considered the letter signed by Staci Craft PA-C and Alina Vrinceanu-Hamm, M.D., stating that the claimant has been treated since 2010 for bipolar disorder, is compliant with treatment, has had minimal improvement, and is unable to maintain employment (Exhibit 5F).  I have also considered the mental residual functional capacity finding marked and extreme work-related functional limitations (Exhibit 24F).  I afford little weight to both, as they are unsupported by the mental status findings and treatment notes that show improved symptoms with medication (Exhibits 16F, 19F and 23F).  The opinions are also inconsistent with the mental status findings from the consultative examiner (Exhibit 3F); and are inconsistent with the evidence showing noncompliance, as evidenced by illicit drug use during the alleged period of disability.  The opinions are also inconsistent with the claimant's activities of daily living, which include socializing with family, going to church, and going on vacation.

AR at 25.

As in Dowling, the ALJ's explanations touch on only two of the Section 404.1527(c) factors:  supportability and consistency. The ALJ does not discuss other factors that, arguably, might have cut in Christian's favor such as the length of the treatment relationship, frequency of examination, and nature and extent of the treatment relationship with the three providers. Therefore, "even if the ALJ's general explanation provided a basis for not giving [these] opinion[s] controlling weight, 'it does not follow that the ALJ had free reign to attach whatever weight to that opinion that [he] deemed fit[.]'" Reaves v. Saul, 1:19CV1120, 2021 WL 765283, *7 (M.D.N.C. Feb. 26, 2021) (quoting

Dowling, 986 F.3d at 385). "Therefore, remand is necessary to allow the ALJ to consider [these treating source] medical opinion[s] in light of each of the Section 404.1527(c) factors." Dowling, 986 F.3d at 386; see also Kim P. v. Saul, Civil No. TMD 19-3201, 2021 WL 1060355, *6 (D. Md. Mar. 18, 2021) ("Here, the ALJ stated that he had considered opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527. R. at 26. It does not appear, however, that the ALJ meaningfully considered each of the § 404.1527(c) factors before deciding how much weight to give the opinions of Plaintiff's treating sources. . . . Although it seems that the ALJ considered the consistence of the opinions with the record as a whole and arguably also their supportability, the ALJ apparently considered neither the nature and length of the treatment relationships nor the treating sources' specializations. Remand is thus warranted under Dowling as well."); Floyd v. Saul, No. 5:20-CV-5-KS, 2021 WL 879065, *6 (E.D.N.C. Mar. 9, 2021) (remanding because "[w]ithout determining whether the analysis sufficiently explains why [treating physician's] opinions were not given controlling weight, it is not apparent that ALJ [ ] considered each factor identified in 20 C.F.R. § 404.1527( c)(2)(i)-(6) when deciding to assign little weight to [treating physician's] opinions"); Dockery v. Saul, CIVIL CASE NO. 5:20-cv-00008-MR, 2021 WL 600954, *5 (W.D.N.C. Feb. 16, 2021) (remanding in part because "the ALJ did not engage

10

in a meaningful discussion of the [Section 404.1527( c)] factors so as to facilitate judicial review");

Because the court remands this case on other grounds, it does not address plaintiff's remaining objections. However, the ALJ should address the other issues raised by plaintiff. See Tanner v. Comm'r of SSA, 602 F. App'x 95, 98 n.* (4th Cir. 2015) (per curiam) ("The Social Security Administration's Hearings, Appeals, and Litigation Law Manual 'HALLEX' notes that the Appeals Council will vacate the entire prior decision of an administrative law judge upon a court remand, and that the ALJ must consider de novo all pertinent issues.").*

## IV. Conclusion

For the reasons set forth above, the court **SUSTAINS** plaintiff's objection to the Magistrate Judge's Findings and Recommendation regarding the evaluation of his treating sources. Accordingly, the court **GRANTS** plaintiff's request to reverse the Commissioner's decision, **DENIES** defendant's request to affirm the Commissioner's decision, **REVERSES** the final decision of the Commissioner, **REMANDS** the case to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings as outlined herein; and **DISMISSES** this case from the active docket of the court.

---

*For example, plaintiff's objection regarding absenteeism is intertwined with the objection to his treating sources because those sources gave opinions on plaintiff's absenteeism.

11

The Clerk is directed to forward a copy of this Memorandum Opinion to counsel of record.

**IT IS SO ORDERED** this 26th day of March, 2020.

ENTER:

David A. Faber
Senior United States District Judge